## BRIGGS *v.* STATE TAX COMMISSION

Gordon G. Carlson, Roseburg, argued the cause for plaintiff, and filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant and submitted a brief.

Decision for plaintiff rendered June 17, 1965.

EDWARD H. HOWELL, Judge.

Plaintiff filed this suit to abate an assessment against him by the State Tax Commission for failure to remit certain withholding taxes.

Plaintiff was president of an incorporated lumber company which had failed to remit certain withholding taxes for 1961. The tax was assessed pursuant to the withholding statutes, ORS 316.706 through ORS 316.780, on the basis the plaintiff was personally liable for the tax as an employer.

ORS 316.706 (3)(b) defines an employer as:

"An officer or employe of a corporation, or a member or employe of a partnership, who as such officer, employe or member is under a duty to perform the acts required of employers by ORS 316.711, 316.731, 316.761, 316.770 and 316.775."

The State Tax Commission argues that the plaintiff is automatically responsible for the tax because he was president of the defunct corporation. The plaintiff contends that a showing of some element of control or supervision is necessary before personal liability attaches to the plaintiff.

The bylaws provided for the duties of the president as follows:

"The *President* shall perform the usual duties pertaining to the office of President. He shall preside at all meetings of the Board of Directors and stockholders. He shall have general charge of the business of the corporation and shall make, execute and acknowledge for and on behalf of the corporation, any and all deeds, mortgages, leases, releases of mortgages, and any and all instruments which may be necessary in the acquisition or disposition of any of the property or rights of the corporation or in conducting the buisness of the corporation, and he shall sign all certificates of shares of stock issued by the corporation."

The parties stipulated that 500 shares of stock in the corporation were owned by one L. A. Palmerton and the other 500 shares were owned by a partnership known as R. A. Briggs and Sons. Plaintiff was a member of this partnership. They also stipulated that plaintiff's son, James Briggs, was the general manager of the corporation and supervised the day-to-day operation of the mill; that plaintiff exercised no supervision of the corporate affairs but instead was managing an entirely separate logging operation in the state of California. In addition, one witness testified that plaintiff received no salary or compensation and that he was present only about two times between June 1961 and January 1962 when the mill shut down.

There are no Oregon decisions on the question involved. However, Section 6671(b) of the Internal Revenue Code of 1954 contains a definition of employer similar to that contained in ORS 316.706 (3)(b), supra.

In *Cushman v. Wood*, 149 F. Supp 644 (DC Ariz. 1956), 50 AFTR 2166, 56-2 USTC 9690, the court held that the president of a corporation owning a baseball team was not individually responsible for the tax. The control and supervision of the team and its affairs was in the general manager.

In *Schweitzer v. U. S.*, 193 F. Supp 309 (DC Neb. 1961), 7 AFTR2d 821, 61-1 USTC 9285, the plaintiff, president, was held individually responsible for the tax. However, in that case plaintiff was not only president of the corporation but the majority stockholder, chairman of the board of directors and chief executive officer.

In *Bloom v. U. S.*, 272 F2d 215 (9th Cir, 1959), 4 AFTR2d 5868, 59-2 USTC 9772, the plaintiff was the founder of the corporation, owned 898 of the 900 shares of common stock, was president and chief executive officer. In holding him individually responsible the court found that the plaintiff was in charge of the business and made the final decisions including what creditors were or were not to be paid.

■ In view of the stipulation that plaintiff was out of the state almost all the time during the operation of the mill, that he exercised no supervision or control over the day to day operations; that the management of the mill was under the active control of a third party, this court concludes that the mere fact he was president is not sufficient to charge him with personal liability for the taxes.