Argued December 3, affirmed as to Case No. 23679; reversed
as to Case No. 23680 December 19, 1974

WARREN L. FRUTIGER, *Appellant, v.* DEPART-
MENT OF REVENUE (No. 23679), *Respondent.*

ELIZABETH FRUTIGER, *Appellant, v.* DEPART-
MENT OF REVENUE (No. 23680), *Respondent.*

529 P2d 910

*Robert G. Chidester,* Portland, argued the cause and filed briefs for appellants.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

This case is an appeal by plaintiffs from a decree of the Tax Court affirming an order of defendant holding that each of plaintiffs was personally liable for unpaid withholding taxes for the months of March, April and May 1969, for employees of P & F Mfg. Co., an Oregon corporation. (OTC Nos 765, 766, March 26, 1974) The separate suits of plaintiffs were consolidated by the Tax Court for purposes of trial and we have consolidated them for purposes of this appeal.

The sole question on appeal is whether plaintiffs, or either of them, were "employers" within the meaning of ORS 316.162 (3)(b) during the affected period. That statute defines "employer" as follows:

"An officer or employe of a corporation, or a member or employe of a partnership, who as such officer, employe or member is under a duty to perform the acts required of employers by ORS 316.-167, 316.182, 316.197, 316.202 and 316.207."

The other statutes referenced above detail the manner in which the employer withholds, reports, pays said taxes and the employer's liability for failure to do so.

Counsel agree that in interpreting revenue statutes substance and not form control and that the mere title of a corporate officer does not, standing alone, establish liability.

Plaintiffs are husband and wife. Plaintiff husband and another individual in 1963 started a business manufacturing trailers and structural steel fabrication. This operation was known as P & F Sales and in 1964 the business was incorporated and the name changed to P & F Mfg. Co. In 1967 plaintiff husband purchased the other principal's interest and became the president, director and sole stockholder of the corporation. At the same time plaintiff wife became secretary-treasurer of the corporation and a member of the board of directors. After the incorporation, the firm became engaged principally in subcontract work with the Oregon State Highway Commission, fabricating and installing signing on state highways. During the summer of 1968 the company began to experience great difficulty in meeting its obligations because of insufficient capital and cash flow. At that point the corporation engaged a consulting firm to determine basic problems and recommend solutions. As a result of this advice, the corporation found an individual who co-signed a note for $65,000, which sum was to assist the corporation in its cash flow problems. The cosigner of the note was granted a security interest in the corporation's accounts receivable, inventory, equipment and all other assets of the corporation. Notwithstanding the infusion of the additional capital of $65,000,

the corporation continued to experience cash flow problems. Plaintiff husband then contacted a Mr. Jerry E. Thomas, president of Columbia Factors, Inc., a corporation engaged in the factoring business in Portland, Oregon. Negotiations were undertaken between P & F Mfg. Co. and Columbia Factors, Inc., and on or about November 15, 1968, they entered into a financing agreement whereby P & F Mfg. Co.'s current accounts receivable were assigned to Columbia Factors, Inc., in consideration of advances of 85 per cent of the face amounts of such accounts. At that time the advances by Columbia Factors, Inc., were made to P & F Mfg. Co. and plaintiff husband disbursed the funds advanced as he saw fit and without direction of any kind from Mr. Thomas. The accounts receivable financing program between P & F Mfg. Co. and Columbia Factors, Inc., still did not solve the cash flow problem. There was an abortive attempt to sell P & F Mfg. Co. to an acquisition company by the name of Moore-Rane Co. On or about April 11, 1969, according to the testimony of plaintiff husband, he was advised by Mr. Thomas that he would no longer honor the accounts receivable financing program as it had existed. At that time Mr. Thomas undertook some control over which bills of P & F Mfg. Co. were to be paid and following the April 11 date, Columbia Factors, Inc., deposited funds directly into P & F Mfg. Co. payroll account to pay current payroll. The amount so deposited as a "net" payroll was furnished by Columbia Factors, Inc., from a figure submitted by the bookkeeper of P & F Mfg. Co. Plaintiff husband would sign and cause to be delivered to the employees the payroll checks. During this period of time plaintiff husband continued to draw a monthly salary based on approximately $15,000 annually.

The testimony is in serious dispute as to the extent of Columbia Factors' participation in the management of P & F Mfg. Co. after April 11, 1969, and until the company ceased operations about the first of June, 1969. Plaintiff husband testified that Columbia Factors, Inc., had taken over the management of P & F Mfg. Co. and that plaintiffs were no longer in control. The testimony of Mr. Thomas, of Columbia Factors, Inc., denied this testimony and asserted that plaintiff husband continued to manage the company. Mr. Thomas also testified that he understood that the "net" payroll included the employer's withholding taxes and that he did not know that the withholding taxes were not being paid until sometime in June 1969.

There is no doubt that P & F Mfg. Co. was a subject employer at least until April 11, 1969, although the payment of the withholding taxes for March 1969 was not due at that time.

■ We conclude from our examination of the evidence, which is conflicting, that after April 11, 1969, plaintiff husband continued to have the legal and actual responsibility for the direction and control of the corporation and that Columbia Factors, Inc., could not, in fact or law, be considered to be the "employer" during the affected period.

The decree of the Tax Court is affirmed as to plaintiff Warren L. Frutiger.

Determination of plaintiff wife's appeal requires further factual consideration to determine if she was also an "employer" within the meaning of ORS 316.-162 (3)(b). As noted above, she held the offices of secretary and treasurer and was a member of the board of directors of P & F Mfg. Co. It will be re-

membered that plaintiff husband owned all the shares of stock and was the managing officer of P & F Mfg. Co. It is true that she was authorized to sign corporate checks, but plaintiff husband, in fact, signed all payroll checks. She worked for the corporation three days a month and she balanced the general ledger and computed and signed the monthly and quarterly tax reports. She received no compensation for her work. She exercised no supervision or control over the day to day operation of P & F Mfg. Co.

■ The only Oregon case dealing with this subject is *Briggs v. State Tax Commission*, 2 OTR 162 (1965). That case held that the mere fact of being president of a corporation who exercised no day to day supervision or control was not sufficient to establish personal liability for employees' withholding taxes when it was established that active control was in a third person. The present case is analogous to *Briggs* and although plaintiff wife was a corporate officer, she owned no stock, her corporate capacity was a nominal one, she was, in fact, a corporate officer in name only, she received no compensation for her services and she, in fact, exercised no day to day supervision or control over the corporate affairs and we conclude that since substance and not form controls, she is not an "employer" within the meaning of the statute.

The decree of the Tax Court is reversed as to plaintiff Elizabeth Frutiger.