# IN THE OREGON TAX COURT

## OLSON

*v.*

## DEPARTMENT OF REVENUE

(TC 2379)

John W. Billington, Portland, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered July 29, 1986.

**CARL N. BYERS, Judge.**

Plaintiff appeals from an order of defendant which found plaintiff personally liable for unpaid withholding taxes.

Prior to 1980, plaintiff and one Jacque Bowman were employes of a steel fabricating business. In 1980, plaintiff and Bowman formed a corporation and purchased their former

employer's business. Plaintiff and Bowman were the only shareholders and directors of the corporation. Bowman was president and plaintiff was vice president and secretary. Consistent with their talents and experience, they divided the responsibilities for operation between them, with plaintiff being in charge of production and the shop and Bowman being in charge of all management and the office.

Within two years the corporation began experiencing financial difficulty. The third and fourth quarter withholding taxes for 1982 and the first and second quarter withholding taxes for 1983 were not paid. The business terminated operations in about April 1983.

■ ORS chapter 316 provides for withholding of income taxes from employes' wages and remitting the withheld amounts to defendant. The duty is imposed upon the employer as a personal obligation. When the employer is a corporation, individual officers and employes may become personally liable by virtue of the definition of employer contained in ORS 316.162(3) which provides:

"(3) 'Employer' means:

"(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or

"(b) An officer or employe of a corporation, or a member or employe of a partnership, who as such officer, employe or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."

The issue in this case is whether plaintiff, as an officer or employe of the corporation, was "under a duty to perform the acts required of employers." Before weighing the specific facts in this case, it is appropriate to consider the legislative intent. In that regard, plaintiff argues that the legislature intended Oregon's tax law to be identical to the federal Code with resulting consistency in decisions. While that may be true for much of Oregon's personal income tax law, it is not true with regard to the withholding provisions. The comparable federal law, IRC § 6672, provides in part:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such

tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

■ ■    As interpreted by the courts, this law requires two elements to be present for the individual to be personally liable. First, the individual must be "required" to collect the tax. The federal courts have interpreted this requirement to mean that the person must be "responsible" or have a "duty" to withhold. *Carr v. U.S.,* 85-2 USTC (CCH) ¶ 9542 (1985). As to this element, federal decisions may be of some assistance in interpreting ORS 316.162(3). *Briggs v. Commission,* 2 OTR 162 (1965). Second, the individual must "willfully" fail to withhold and pay over the tax. Although a penalty provision, the statute is civil in nature and therefore all that is required is knowledge of taxes owing. *Monday v. U.S.,* 421 F2d 1210, 70-1 USTC (CCH) ¶ 9205 (1970), and Rev Rul 54-158, 1954-1 CB 247. Oregon's statute does not condition personal liability on willfulness or knowledge of unpaid taxes. The Oregon statute simply defines "employer" as including those persons who had the "duty" to perform the acts required of employers. Thus, an individual might not be liable under the federal law but could be under Oregon law.

There appears to be only two published decisions construing ORS 316.162(3). In *Briggs v. Commission, supra,* this court held that the president of a corporation was not personally liable for unpaid withholding taxes where he was out of the state "almost all the time" and exercised no supervision or control over the day-to-day operations of the company. The mere fact that he was president did not make him personally liable.

In *Frutiger v. Department of Revenue,* 270 Or 821, 529 P2d 910 (1974), a husband and wife who were the only officers of a corporation disputed their personal liability for withholding taxes. The husband was president and general manager of the business; the wife was the secretary-treasurer. Due to financial problems, the husband engaged a factoring business to assist in financing. As matters grew worse, the factoring business exercised a great deal of control over the bills to be paid. Despite the controls exercised by the factoring business,

the Oregon Supreme Court found that the husband was personally liable because he was in control of the corporation and had the legal and actual responsibility to pay the withholding taxes. However, the Supreme Court reversed as to the wife, noting that she was a corporate officer in name only and exercised no day-to-day supervision or control over corporate affairs. In finding her not liable, the court concluded that substance and not form controls. These decisions are consistent with federal cases dealing with who is a "responsible" person. *See Maggy v. U.S. et al,* 75-2 USTC (CCH) ¶ 9564; *In re Woodson,* 81-2 USTC (CCH) ¶ 9791; and *Geiger v. U.S.,* 84-1 USTC (CCH) ¶ 9353.

The present case presents a close question on the facts. Plaintiff was a shareholder, director and officer of the company. As a director and officer, he had an obligation to inform himself as to certain corporate matters and technically could be liable for failure to do so. Further, plaintiff signed a number of corporate documents in exercise of the authority he possessed. As to form, plaintiff would appear to have the requisite "duty" to withhold.

■ However, the substance of plaintiff's relationship with the corporation was of a far different character. By prior agreement with Bowman, plaintiff did not exercise or expect to exercise *any* control over the management of the corporation. The undisputed evidence established that office employes hired and supervised by Bowman knew more about the company's affairs and had more control than plaintiff did. The testimony of former office employes established that plaintiff never prepared or took part in the preparation of any of the corporate records, documents, tax returns or management activities of the company. Mr. Osborne testified that plaintiff signed checks or other documents only when Bowman was absent because he, Osborne, knew that plaintiff was an "owner" of the company and had the authority. It is manifest from the evidence that plaintiff in fact signed documents without reading them and without being aware of their consequence. Needless to say, such is an extremely dangerous practice.

Defendant contends that plaintiff's legal duties with regard to the corporation cannot be delegated, particularly as long as plaintiff had actual knowledge that the taxes were

unpaid. There is no evidence in the record, however, of plaintiff's duties as vice president and secretary as might be found in bylaws or corporate minutes. The only evidence adduced established that by mutual agreement, Bowman was responsible for management of the company and plaintiff ran the shop. As indicated above, plaintiff's knowledge with regard to the taxes is not a requirement under the Oregon statute. Plaintiff testified that he did not learn of the unpaid withholding taxes until contacted by an IRS agent in the fall of 1982. When he learned about the late payments he went to Bowman and expressed his concerns. Bowman assured him that the taxes would be paid and plaintiff thought they would be. In one sense these facts may be viewed as supporting plaintiff's position. Since the evidence suggests that plaintiff was concerned and would have paid the taxes were he in control, his failure to require Bowman to pay them may be evidence of his lack of control.

The great preponderance of the evidence is that plaintiff never had or exercised the authority or power which would enable him to prefer one creditor over another. By his arrangement with Bowman, he exercised no authority with regard to the payment of bills or other management activities. Consequently, the court finds that plaintiff did not have the "duty" to perform the acts required of an employer within the meaning of ORS 316.162. Accordingly, the order of the Department of Revenue is hereby set aside and held for naught. Plaintiff shall recover his costs and reasonable attorneys fees.