Argued and submitted July 8, decision of Tax Court reversed and order of Department of Revenue reinstated October 20, reconsideration denied December 2, 1987

# OLSON,
*Respondent,*

*v.*

# DEPARTMENT OF REVENUE,
*Appellant.*

## (OTC 2379; SC S33327)
744 P2d 240

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs was Dave Frohnmayer, Attorney General, Salem.

John W. Billington, Portland, argued the cause and filed the brief for respondent.

LINDE, J.

Peterson, C. J., dissented and filed an opinion in which Jones and Gillette, JJ., joined.

## LINDE, J.

Oregon's income tax withholding law provides that an individual officer or employe of a corporation under some circumstances may be personally responsible for remitting withholding taxes on the wages of the corporation's employes. Personal responsibility was imposed by a 1961 amendment to the withholding law, which enacted this definition of "employer":

"(a)   A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or

"(b)   An officer or employe of a corporation, or a member or employe of a partnership, who as such officer, employe or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."

ORS 316.162(3).

The issue in the present appeal from the Oregon Tax Court is whether plaintiff, a half-owner and officer of a corporation which became delinquent in remitting withholding taxes, was an "employer" within the meaning of ORS 316.162(3)(b). The Department of Revenue determined that plaintiff was personally responsible as an "employer," the Oregon Tax Court held that he was not, and the Department appeals to this court. We reverse the Tax Court's decision.

The appeal presents questions of the interpretation of the statute as well as its application to the facts in this case. The first question concerns the phrase in ORS 316.162(3)(b) referring to an officer, employe or member who is "under a duty to perform the acts required of employers" under the law. The Department argues that the "duty" referred to is a duty to the state, not a duty to the corporation. That reading is circular, because aside from ORS 316.162(3)(b) itself nothing in the statute places such a duty on any corporate officer or employe. The definition thus would not serve to identify any class of officers, employes or members on which it places the intended personal duty to secure compliance with the withholding law.

An alternative reading would be that the definition refers to those persons within a corporation or partnership

whom the organization has charged with responsibility for complying with the withholding law. The Department expresses concern that if "duty" means whatever duties are assigned within an organization, corporate managers would escape responsibility under the law whenever they delegate the task of withholding and remitting taxes to subordinate managers and payroll clerks.

The Department's predecessor, the Tax Commission, was partly responsible for the doubt what "duty" is intended, because it drafted the 1961 amendment. But the distinction between a duty to the company and a duty to the state is more apparent than real. When a corporation gets into trouble for neglecting to pay taxes, or to meet other obligations, some officers will face liability to the corporation for their neglect (that is, breach of duty) and others will not. Those responsible to the corporation for the failure to comply with the withholding law are also responsible under ORS 316.162(3)(b). Of course, administrative tasks like bookkeeping and tax accounting are delegated, but the delegation does not relieve the responsible officers of their responsibilities for seeing that the tasks are carried out. In fact, the Commission's initial version of ORS 316.162(3)(b) was amended in order to relieve the concern of some legislators that subsection (3) might be construed to extend liability to subordinate employes such as foremen.[1]

The Tax Commission's legislative request and the subsequent legislative history made clear that the purpose of the bill was to reach small, closely held corporations, essentially incorporated sole proprietorships and partnerships. This written request reported that officers of such corporations would fail to remit withholding taxes in order to stay in business by "borrowing" state tax money and would escape personal liability, because "they can hide behind the corporate personality and avoid the penalties for a failure for which they

---

[1] The Tax Commission returned to the House Committee on Taxation with the final words of ORS 316.162(3)(b), listing sections of the tax law under which the employer's duties arise. The committee's concern about "foremen" may well have related to the "control" test of paragraph (3)(a) rather than to paragraph (3)(b). Paragraph (3)(a), however, may concern the customary line between employers and independent contractors rather than relationships within an enterprise. *See, e.g., Realty Group v. Dept. of Rev.,* 299 Or 377, 382, 702 P2d 1075 (1985).

are individually responsible." The amendment, the Commission explained, would reach "those officers of the corporation charged with the responsibility for withholding and remitting the taxes."

The corporation in this case certainly fits the Commission's description. The evidence shows that plaintiff Olson and one Bowman formed a corporation and bought their former employer's steel fabricating business in 1980. They were the only shareholders. Bowman was president of the corporation and Olson was vice president and secretary. The operating arrangement between them, as the Tax Court phrased it, was that "plaintiff did not exercise or expect to exercise *any* control over the management of the corporation. * * * Bowman was responsible for management of the company and plaintiff ran the shop." 10 OTR at 275. Business ordinarily was conducted in that fashion. From this evidence, the Tax Court seems to have concluded that plaintiff's nonparticipation in business matters established not only an agreement with Bowman but also plaintiff's "relationship with the corporation," *id.,* although there was no evidence of corporate bylaws, minutes, resolutions, or other corporate records that defined plaintiff's duties as vice president and secretary. We do not suggest that such documents are indispensable evidence of an officer's duties to a corporation. But it was plaintiff's burden, ORS 305.427, to show that the corporation was not entitled to look to him to assure that important corporate obligations were not neglected if the primary manager were, for instance, absent or disabled. Plaintiff did, in fact, exercise authority to sign checks or other documents in Bowman's absence. In the absence of contrary indications in corporate bylaws or resolutions, this would be consistent with the position of a vice president and secretary of a corporation in which two equal owners are the only officers.

The Tax Court found support for plaintiff's view of his lack of duty in the fact that when plaintiff learned about the unpaid withholding taxes and expressed concern to Bowman, he was assured that Bowman would see that they were paid. The Tax Court inferred that because "plaintiff was concerned and would have paid the taxes were he in control, his failure to require Bowman to pay them may be evidence of his lack of control." In sum, the Tax Court concluded that his arrangement with Bowman relieved him of any " 'duty' to

perform the acts required of an employer within the meaning of ORS 316.162." 10 OTR at 276.

It may be true that as between plaintiff and Bowman, their arrangement relieved plaintiff of any duty to Bowman to assure that the corporation paid its taxes or any other bills. But plaintiff must show that he was not responsible to the corporation apart from Bowman. When one chooses to conduct one's business as a director or officer of a corporation, one may find oneself with duties toward the corporate entity aside from or in lieu of any duties one may have toward a co-owner. Plaintiff's duties as a corporate officer are not measured by whether Bowman might have any legal claim, direct or derivative, against Olson for harm to the corporation that might result from nonpayment of a corporate obligation. The corporation itself might have such a claim (if one were to imagine a derivative action by some hypothetical minority shareholder) even if Bowman were precluded from pursuing it by their mutual arrangement.

We agree with the Tax Court that the record leaves some doubt how far plaintiff's powers and responsibilities under the corporation's internal rules denied him any role in assuring that the corporation did not become fiscally delinquent. We differ with the Tax Court about the weight that may be given to an informal arrangement between plaintiff and his co-owner, Bowman, not formalized in the title or description of plaintiff's position as a corporate officer, to show that his position excluded any duty to the corporation to avoid its default. The corporate job description of a vice-president for engineering or production may clearly state or exclude any duty to see that taxes or other bills are paid, whether or not this officer also is a major shareholder, but an informal arrangement with another officer is not conclusive on the duty to the corporation.[2]

---

[2] The Department of Revenue, in OAR 150-316.162(3)(1), has listed the following factors which the Department considers in determining whether a corporate officer or employee is an "employer" for purposes of the withholding law:

"(a)  the power or authority to see that the withholding taxes are paid when due;

"(b)  power or authority to prefer one creditor over another;

"(c)  authority to hire and fire employees;

"(d)  authority to set working conditions and schedules;

"(e)  authority to sign or co-sign checks;

"(f)  authority to compute and sign payroll tax reports;

We do not suggest that everything turns on formalities. *Cf. Frutiger v. Department of Revenue,* 270 Or 821, 529 P2d 910 (1974), which found no liability as an "employer" for the wife of a corporation's president and general manager who was a corporate officer in name only. But the fact that plaintiff had and sometimes used authority to pay corporate bills leads us to a different conclusion from the Tax Court's. Apparently plaintiff's authority to sign checks for withholding tax payments when due would not have been questioned, at least not by anyone other than Bowman, and not by Bowman if the payments came due in his absence. It would have been plaintiff's authority as a corporate officer, not the delegated task of a subordinate clerk or bookkeeper. If Bowman were injured and disabled for an extended period, plaintiff's duties to the corporation would have been commensurate with his authority. His duties sufficed to bring him within the definition of "employer" in ORS 316.162(3)(b).

The decision of the Tax Court is reversed, and the order of the Department of Revenue is reinstated.

**PETERSON, C. J.,** dissenting.

The majority concludes that the plaintiff is personally liable for delinquent taxes because he was an "employer" as defined in ORS 316.162(3)(b). I dissent.

I agree that the corporation in this case was the type of corporation that the Commission described and targeted in its proposed legislation and that plaintiff Olson is within the class of persons potentially subject to personal liability by virtue of his position as a director and officer in the corporation. Plaintiff Olson, however, does not fit the Commission's description of an officer who was "charged with the responsibility for withholding and remitting taxes," failed to do so and

---

"(g)  authority to make fiscal decisions of the corporation;

"(h)  authority to incur debt on behalf of the corporation;

"(i)  knowledge of the nonpayment of the withholding taxes;

"(j)  exercised authority on behalf of the corporation at or after the time the duty arose to collect and hold the taxes;

"(k)  exercised authority on behalf of the corporation at or after the time the duty arose to pay over the taxes required to be withheld; or

"(l)  performed duties other than those outlined by the corporate bylaws."

Without endorsing the entire list, we note that plaintiff's authority sufficed to meet at least items (a), (c), (d), (e), and (l).

sought to use the corporate form to avoid the penalties for failure to remit withholding taxes. Although no corporate bylaws, minutes, resolutions or other corporate documents define the plaintiff's duties as vice president and secretary, the evidence is clear that Bowman was "in charge of all management and the office" while the plaintiff was "in charge of production and the shop." *Olson v. Dept. of Rev.,* 10 OTR 272, 273 (1986). As stated by the Tax Court:

"The undisputed evidence established that office employees hired and supervised by Bowman knew more about the company's affairs and had more control than plaintiff did. The testimony of former office employees established that plaintiff never prepared or took part in the preparation of any of the corporate records, documents, tax returns or management activities of the company. Mr. Osborne testified that plaintiff signed checks or other documents only when Bowman was absent because he, Osborne, knew that plaintiff was an 'owner' of the company and had the authority. * * *"

10 OTR at 275.

Even though plaintiff Olson supervised 15 to 25 employes in his capacity as shop foreman, Bowman supervised Olson in the sense that he directed the shop and the plaintiff as to the work to be done. The plaintiff testified:

"Q. Was anyone supervising you in your work in the shop?

"A. Yes, Mr. Bowman.

"Q. He was supervising you?

"A. Well, I would get my directives from him because he was the salesman and that's where it would come in from.

"Q. Oh, in terms of what type of work you needed to put out, correct?

"A. I don't know. No, there was jobs coming into the shop that had to be done.

"Q. Okay.

"A. And that's where I — my function was just to run the shop.

"Q. All right. Now you referred to separation of duties. You said certain things weren't your — your job or weren't your duties. Those were somebody else's duties. Was that in a written document anyplace?

"A. Not to my knowledge, no.

"Q. How — did that evolve? Did you and — did you talk about this?

"A. Other than the fact I was to run the shop, and that was it, and that's all I would do, yes, that was it."

The plaintiff did, on occasion, sign corporate checks in Bowman's absence. Employes working for Bowman would go to the plaintiff in Bowman's absence because they "knew that plaintiff was an 'owner' of the company and had the authority." 10 OTR at 275. However, the plaintiff never had the corporate responsibility of seeing that bills were paid or determining what creditor to pay when the corporation lacked funds to pay all its creditors.

The majority apparently agrees that the evidence of the way "[b]usiness ordinarily was conducted" establishes the plaintiff's nonparticipation in corporate business matters. 304 Or at 245. The majority nonetheless states that the plaintiff failed in his burden of proof. The majority states that the fact that a taxpayer is involved in the ownership and management of a corporation and has signed corporate checks raises an inference that the taxpayer had a duty to the corporation to assure compliance with the withholding law — even if such management or check-signing activity was unrelated to the withholding law. The majority concludes that if this inference is raised the taxpayer must make his case by rebutting the inference with "contrary indications in corporate bylaws or resolutions," 304 Or at 245, that define the taxpayer's duties in order to avoid personal liability for the withholding tax. This is a new and unusual construction of the withholding law.[1]

---

[1] Although such evidence may more clearly define an officer's or other person's duties to the corporation, the lack of such evidence is not conclusive as to whether a person is an "employer" under the statute. For example, a corporation could enter into a financing arrangement with a lender after which the lender participates in the management of the corporation. Particularly in small closely held corporations the corporate bylaws, minutes, resolutions and other records may not reveal the extent of the lender's participation in the management of the corporation. However, the lender may nevertheless be an "employer" for purposes of ORS 316.162(3) if other evidence shows sufficient participation. *Cf. Frutiger v. Department of Revenue,* 270 Or 821, 824-25, 529 P2d 910 (1974) (review of evidence showed third party corporation, who had entered into financing agreement with subject corporation in financial difficulty, was not an "employer").

The Department of Revenue has not interpreted the law in this manner. OAR 150-316.162(3)(1) sets forth a list of factors to be considered. It provides:

" 'Employer' includes, but is not limited to an officer or employe of a corporation or other usiness [*sic*] entity if, among other duties, that individual has:

"(a) the power or authority to see that the withholding taxes are paid when due;

"(b) power or authority to prefer one creditor over another;

"(c) authority to hire and fire employes;

"(d) authority to set working conditions and schedules;

"(e) authority to sign or co-sign checks;

"(f) authority to compute and sign payroll tax reports;

"(g) authority to make fiscal decisions of the corporation;

"(h) authority to incur debt on behalf of the corporation;

"(i) knowledge of the nonpayment of the withholding taxes;

"(j) exercised authority on behalf of the corporation at or after the time the duty arose to collect and hold the taxes;

"(k) exercised authority on behalf of the corporation at or after the time the duty arose to pay over the taxes required to be withheld; or

"(l) performed duties other than those outlined by the corporate bylaws."

The plaintiff's "authority" existed only in the technical sense. Actual responsibility did not rest with him. The majority's interpretation violates our own precedent to the effect that "in interpreting revenue statutes[,] substance and not form control[s]," *Frutiger v. Department of Revenue,* 270 Or 821, 823, 529 P2d 910 (1974), and ignores the virtually uncontradicted evidence as to the actual division of responsibility in the corporation.

*Frutiger* involved our only other examination of ORS 316.162(3)(b). In that case we stated that "the mere title of a corporate officer does not, standing alone, establish liability" and our main inquiry involved determining whether the taxpayer plaintiffs exercised day-to-day control or supervision

over corporate affairs. 270 Or at 823, 826.[2] Our inquiry focused on the way business ordinarily was conducted. We in effect recognized that paper authority to engage in corporate management, as the plaintiff had in this case, is not the equivalent of having the duty of corporate management and assuring compliance with the withholding law. *See id.* (plaintiff's authority to sign corporate checks not conclusive where plaintiff did not exercise day-to-day control). The relevant inquiry under ORS 316.162(3)(b) is whether one is under a duty to the corporation to comply with the withholding law, not whether one had the paper authority to take over the duty of another corporate manager and assure compliance.

The majority analogizes a director's or an officer's personal liability under the withholding law to a director's or officer's personal liability to the corporation in an action brought by the corporation or by a shareholder in a derivative action, and embraces that body of law as stating the predicate for liability under the withholding law. The majority states:

> "When a corporation gets into trouble for neglecting to pay taxes, or to meet other obligations, some officers will face liability to the corporation for their neglect (that is, breach of duty) and others will not. Those responsible to the corporation for the failure to comply with the withholding law are also responsible under ORS 316.162(3)(b). Of course, administrative tasks like bookkeeping and tax accounting are delegated, but the delegation does not relieve the responsible officers of their responsibilities for seeing that the tasks are carried out. * * *"

304 Or at 244.

One problem with this analysis is that, unlike the majority's interpretation of the withholding law, delegation to or reliance on a subordinate employe may relieve a director or an officer from liability to the corporation. The plaintiff, in his

---

[2] In *Frutiger,* two spouses were the officers of the corporation: the husband was the president and the wife was the secretary-treasurer. The husband controlled the payment of bills, the signing of checks and the depositing of funds in a payroll account. The wife worked at the corporation three days a month, balanced the ledger and signed the monthly and quarterly tax reports. She was authorized to sign corporate checks, but never exercised this authority. The wife exercised no control of the day-to-day operation of the corporation and received no compensation for her services. We concluded that because the wife was "a corporate officer in name only, * * * she was not an 'employer' within the meaning of [ORS 316.162(3)(b)]." 270 Or at 826.

capacity as a director and an officer, could incur personal liability to the corporation if he failed to act "in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances and in a manner [he] reasonably believe[d] to be in the best interests of the corporation." Or Laws 1987, ch 52, § 85(1) and (4) (standard of conduct for directors); Or Laws 1987, ch 52, § 91(1) and (4) (standard of conduct for officers). *Cf. former* ORS 57.228 (1985) (stating similar standard for directors). Good faith reliance upon or delegation to officers or subordinate employes (to carry out administrative tasks such as bookkeeping and tax accounting) reasonably believed to be competent is consistent with this standard of conduct. Or Laws 1987, ch 52, § 85(2) (director not liable to corporation if director reasonably relied on information or statement, including financial statements, prepared or presented by officers or employes of the corporation or other persons on matters within the persons' professional competence); Or Laws 1987, ch 52, § 91(2) (same standard for officers). *Cf. former* ORS 57.228(1) to (3) (1985) (stating similar standard for directors).

The purpose and scope of a corporate action or shareholder's derivative action against a director or officer strikes me as being broader than that stated in the statute. ORS 316.162(3)(b) concerns only responsibility for acts described in specified statutes. I am convinced that the plaintiff had none.

When an IRS agent told the plaintiff that the corporation's withholding taxes were delinquent, he exercised due care by taking the matter promptly to Bowman. The evidence indicates that Bowman was the responsible person to resolve this matter. Bowman assured the plaintiff that the taxes would be paid. The plaintiff was entitled to rely on this statement. Or Laws 1987, ch 52, § 85(1) and (4); Or Laws 1987, ch 52, § 91(1) and (4).

I conclude, as did the Tax Court, that although in form the plaintiff comes within the class of persons potentially personally liable for the corporation's failure to withhold taxes solely because of his position as a director and an officer in the type of corporation targeted by the legislature, in substance, evidence of the daily operation of the corporation proves that within the actual corporate organization the

plaintiff had no responsibility for compliance with the withholding law.

I would affirm the decision of the Tax Court.

Jones and Gillette, JJ., join in this dissenting opinion.