# IN THE OREGON TAX COURT

## Stephen BELLOTTI
*v.*
## DEPARTMENT OF REVENUE
(TC 3199)

Plaintiff appeared *pro se*.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered November 22, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals from defendant's opinion and order which held him liable for unpaid corporate withholding tax.

Plaintiff joined Central Pacific Freight Lines (Central Pacific) in July, 1982, as controller. At that time the firm was a sole proprietorship owned by Diana Schlegel. In July, 1983, Central Pacific was incorporated as a subchapter S corporation. Ms. Schlegel was the sole shareholder, sole director and president of the corporation. Plaintiff became secretary of the corporation and had authority to sign its checks.

Central Pacific was a small trucking company which primarily hauled intrastate freight from Portland to the southern Oregon coastal area. During the mid-to-late 1980's, the firm suffered some unfortunate setbacks. Central Pacific was not authorized to carry freight between Portland and Eugene and was unsuccessful in receiving approval from the Public Utility Commission (PUC) to expand its service area to include that route. During this time, other operators were illegally competing with it on its south-coast route. Central Pacific unsuccessfully sought to have the PUC discontinue this unlawful trucking. Eventually, the "pirates" with whom Central Pacific was competing were granted the additional service area, while Central Pacific's application was rejected. Furthermore, Central Pacific lost money to a factoring company which defrauded it. A lawsuit against the factoring company resulted in only a small recovery.

As a result of increased competition, the limitations of its service area, and the loss to the factoring company, Central Pacific began to suffer shortages of cash. When there was not enough money to pay all the bills as they fell due, plaintiff would summarize the accounts payable and Ms. Schlegel would then prioritize the accounts and decide which ones were to be paid.

Ms. Schlegel decided not to pay employer withholding taxes for the third and fourth quarters of 1987 and the first and second quarters of 1988. Up to that point, plaintiff normally signed the withholding returns. When Ms. Schlegel instructed plaintiff not to pay the tax, he requested that she sign the returns, which she did. Ms. Schlegel and plaintiff both testified that if plaintiff had paid the taxes in defiance of Ms. Schlegel's instructions, he would have been fired. Under these circumstances, the question in this case is whether plaintiff had the duty to pay the withholding taxes.

ORS 316.167 requires every employer to withhold payroll taxes at the time of the payment of wages to any employee. "Employer" is defined in ORS 316.162(3)(a), (b) (1987) as:

"(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or

"(b) An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167 * * *."

Plaintiff testified that although he supervised two clerical workers, Ms. Schlegel had the ultimate authority to manage them. Plaintiff did not have control over the work of any other employees of the company. Plaintiff's duty to pay withholding tax must be evaluated under ORS 316.162(3)(b).

In *Briggs v. Commission*, 2 OTR 162 (1965), this court held an absentee president of a corporation not personally liable for withholding tax. Despite being president, he did not exercise control or supervision over the operations of the business. The court found that the office or title of president alone did not impose liability for withholding tax. After considering the fact that the plaintiff was out of state during the operation of the company, he exercised no supervision or control over the operations and "that the management of the mill was under the active control of a third party," the court concluded he was not personally liable for the taxes. *Id.* at 164.

In *Frutiger v. Department of Revenue*, 270 Or 821, 529 P2d 910 (1974), the Supreme Court held the wife of the sole owner of a corporation was not an "employer" although she was an officer and director. The wife in *Frutiger* was authorized to sign corporate checks but did not do so, although she did compute and sign the monthly and quarterly tax reports. *Id.* at 826. Factors the court found important were: she owned no stock, her corporate capacity was a nominal one, she received no compensation, and she exercised no day-to-day supervision or control over the corporation. *Id.* at 826.

In *McCormick v. Dept. of Rev.*, 10 OTR 380 (1987), this court found that a chairperson of the board who had no corporate authority or control to pay withholding tax was not personally liable for withholding taxes. The opinion states: "[I]n order to be classified as an 'employer' within the statute and thus be liable for payment of taxes, the individual must have the requisite authority and control in form and substance within the corporate structure to order the payment of or pay the corporate tax." *Id.* at 385.

In *Olson v. Dept. of Rev.*, 304 Or 241, 744 P2d 240 (1987), the Supreme Court held that a vice-president, who was also secretary and half-owner of a closely held corporation, who exercised authority to sign checks and other documents in the absence of the other officer and owner, was personally responsible for the withholding taxes. In *Olson*, the fact that the plaintiff had exercised his authority to pay corporate bills was an important factor in the court's determination. The court stated that "[a]pparently plaintiff's authority to sign checks for withholding tax payments when due would not have been questioned, at least not by anyone other than [his co-owner], and not by [the co-owner] if the payments came due in his absence." The court then concluded that his duties within the corporation "sufficed to bring him within the definition of 'employer'." *Id.* at 247.

■ Plaintiff is not an "employer" merely because of his title as secretary of the corporation. The Oregon cases involving this issue consistently state that the formalities of a person's position do not control. *See Frutiger v. Department of Revenue, supra*; *Olson v. Dept. of Rev.*, 304 Or at 247. Plaintiff is liable for the tax only if he has "the requisite authority and control in form and substance within the corporate structure to order the payment of or pay the corporate tax." *McCormick*, 10 OTR at 385.

■ Although the plaintiff had the authority to sign checks, when there was insufficient cash to pay bills as they became due, he did not have the authority to prioritize payment. When the decision was made not to pay the withholding tax, plaintiff abandoned his usual practice of signing the withholding tax return. The president of the corporation, who made the decision not to pay the withholding tax, signed these returns. The undisputed testimony of both the president and plaintiff was that had plaintiff paid the withholding tax he would have been fired. This is because payment of the withholding tax would have resulted in closing of the business. The authority to shut down operations of the business was not within the duties and authority of the plaintiff. Accordingly, the court finds plaintiff did not have the requisite authority and control over the corporation to order the payment of the withholding tax, and thus is not an employer

under ORS 316.162. Defendant's Opinion and Order No. 90-3994 is set aside.

Costs to neither party.