DECISION
Plaintiff appeals Defendant's Notice of Liability, dated April 3, 2009, requesting payment of unpaid withholding tax liabilities for Freeman Contracting, Inc. for the fourth quarter of 2008. The appeal included challenges to unpaid withholding tax liabilities for the fourth quarter 2007 and first quarter 2008, but the appeal for those quarters was dismissed by Order of this court issued September 22, 2009. That order is incorporated in this Decision.
A trial was held via telephone on May 26, 2010, concerning the withholding tax liability for the fourth quarter 2008. Plaintiff appeared on his own behalf. Susan Zwemke, of the Oregon Department of Revenue, testified on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiff, Andrew Escobar, was an employee of Freeman Contracting, Inc. (company) from December 21, 2006 to November 26, 2008. The company is based out of Brookings and primarily provides trucking services associated with rock quarrying and heavy construction. Throughout the duration of Plaintiff's employment with Freeman Contracting, Inc., David Freeman (Freeman) served as the company's President and was the sole shareholder. *Page 2 
Throughout the period in question Plaintiff was employed as the company's "Office Manager." The primary duties of this position entailed assisting Freeman with day to day tasks such as the logistics of managing personnel, meeting with customers, and providing Freeman with information so that he could make business decisions for the company. (Ptf's Ex 2.) Plaintiff also testified that his duties included addressing issues and questions regarding the company's accounts payable.
Plaintiff also testified that occasionally he signed checks on behalf of the company. However, this practice was limited to situations where Freeman was absent and specifically instructed Plaintiff to do so. When these situations arose, Freeman would inform Plaintiff which creditors were to be paid and the amount of that payment. Plaintiff would then inform the company's accounts payable clerk who would make out a check that Plaintiff would ultimately sign.
Plaintiff further testified that, while he routinely provided Freeman with information regarding the corporation's accounts payable, all financial decisions for Freeman Contracting, Inc. rested solely with Freeman. In fact, Plaintiff insists that he would have been fired if he paid a creditor without Freeman's prior approval. Defendant, in its Answer, argues that Plaintiff should be found liable for unpaid employer withholding for the fourth quarter 2008 because "Plaintiff had or should have had knowledge that the withholding debt was not paid and he had the authority to see that the debt was paid." (Def's Answer at 1.)
 II. ANALYSIS
The issue before the court is whether Plaintiff is personally liable for the corporate withholding taxes. ORS 316.167[1] imposes an obligation on every employer to withhold income taxes from wages paid to employees. The legislature has also imposed personal liability on *Page 3 
"employers," those who have the duty to perform the corporate obligation to withhold and pay such taxes. ORS 316.162(3) and ORS 316.207(3). Thus, the determination of whether Plaintiff is liable for the unpaid withholding taxes of Freeman Contracting, Inc. hinges on whether Plaintiff was an "employer" during the time in question. ORS 316.162(3) defines employer as:
 "(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or
 "(b) An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."
Further, Defendant has promulgated an administrative rule that sets forth a list of factors for determining whether a person should be considered an "employer." That rule, in relevant part, provides:
 "`Employer' includes, but is not limited to an officer, member or employee of a corporation, partnership or other business entity, if among other duties, that individual has:
 "(a) The power or authority to see that the withholding taxes are paid when due;
 "(b) Authority to prefer one creditor over another;
 "(c) Authority to hire and dismiss employees;
 "(d) Authority to set employees' working conditions and schedules;
 "(e) Authority to sign or co sign checks;
 "(f) Authority to compute and sign payroll tax reports;
 "(g) Authority to make fiscal decisions for the business;
 "(h) Authority to incur debt on behalf of the business; or
 "(i) Performed duties other than those outlined by the corporate bylaws or partnership agreement."
OAR 150-316.162(3)(2) (emphasis added). *Page 4 
Defendant's assertion that Plaintiff was an "employer" is primarily based on the undisputed fact that Plaintiff had signed checks on behalf of the corporation. Plaintiff testified that although he occasionally signed checks on behalf of Freeman Contracting, he was only permitted to do so after obtaining Freeman's specific consent.
In order to be classified as an "employer" within the statute and thus be personally liable for the payment of withholding taxes, an individual must have the requisite authority and control in form and substance within the corporate structure to pay or to order the payment of the corporate tax. McCormick v. Dept. of Rev., 10 OTR 380, 385 (1987). Such requisite authority and control is clearly absent in the present case.
The Supreme Court has addressed the presence of such authority and control in connection with an employee's authority to sign checks inOlson v. Dept. of Rev., 304 Or 241, 744 P2d 240 (1987). InOlson, the fact that the plaintiff had exercised his authority to sign corporate checks and pay corporate bills was an important factor in the court's determination that a vice-president, who was also secretary and half-owner of a closely held corporation, was personally responsible for withholding taxes. The court stated that "[a]pparently plaintiff's authority to sign checks for withholding tax payments when due would not have been questioned, at least not by anyone other than [his co-owner], and not by [the co-owner] if the payments came due in his absence."Id. at 247.
Such unfettered authority is clearly absent in this case. Had Plaintiff unilaterally chosen to sign checks for withholding tax payments when due, not only would Plaintiff's actions have been questioned by Freeman, Plaintiff testified that he would have been fired immediately. There is no testimony or other evidence to controvert that claim. Although Plaintiff was occasionally given authority to sign checks, such authority only existed after Plaintiff had *Page 5 
obtained specific consent from Freeman to sign each check. Thus, when there was insufficient cash to pay bills, including withholding taxes as they became due, Plaintiff did not have the authority to make or otherwise prioritize such payment.
 III. CONCLUSION
After a careful review of the testimony and evidence, the court concludes that Plaintiff is not personally liability for the state income tax withholding of Freeman Contracting, Inc., for the fourth quarter of 2008. Although Plaintiff possessed authority to sign checks, that authority was limited, and only acquired after obtaining specific consent from the company's President. There is no evidence that Plaintiff had the power or authority to see that the withholding taxes were paid, or the authority to prefer one creditor over another. Plaintiff's uncontroverted testimony was that, if he had paid the withholding tax without obtaining the prior consent of Freeman, he would have been fired. As result, when there was insufficient cash to pay bills as they came due, Plaintiff did not have the authority to prioritize payment or otherwise ensure that the withholding taxes were paid with or without Freeman's prior consent. Accordingly, the court finds Plaintiff did not have the requisite authority and control over the corporation to order the payment of the withholding tax, and thus is not an employer under ORS 316.162. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal challenging Defendant's imposition of liability for unpaid employer withholding taxes for Freeman Contracting, Inc., for the fourth quarter 2008 is granted and Defendant's Notice of Liability against Plaintiff is canceled: and *Page 6 
IT IS FURTHER DECIDED that the court's September 22, 2009, Order dismissing Plaintiff's appeal regarding unpaid employer withholding for the fourth quarter 2007 and the first quarter 2008 stands and is incorporated into this Decision by this reference.
Dated this ____ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon March 8, 2011. The Court filed and entered this documenton March 8, 2011.
[1] References to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to the 2007.
 *Page 1