DECISION
Plaintiff appeals Defendant's Notice of Liability, dated October 21, 2009, requesting payment of unpaid withholding tax for High Desert Tire Factory, LLC for the third quarter of 2008 through second quarter 2009. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on July 21, 2010. Chris Hatfield, Attorney at Law, appeared for Plaintiff. Plaintiff testified on his own behalf, Andrea Linschied (Linschied), bookkeeper, and Bryce Gage (Gage), store manager, High Desert Tire Factory, LLC, also testified on behalf of Plaintiff. Susan Zwemke appeared for Defendant. Cathy Olhieser, revenue agent, testified on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiff worked construction for DLS Services (DLS), a company owned by Mr. Dana Sorum (Sorum). Sorum owned two other businesses: a mini-storage facility and High Desert Tire Factory, LLC (High Desert), the business at the center of this dispute. Sorum asked Plaintiff to work at High Desert during the winter months, when the construction business was slow. In 2004, Plaintiff began working full-time primarily at High Desert, although he still performed construction for DLS in the summer. *Page 2 
Plaintiff testified that his duties included learning the specifics of the tire business and operating the equipment at the shop. Sorum was so impressed with Plaintiffs customer service skills and ability to learn quickly that he offered Plaintiff a chance to eventually own the entire company. Plaintiff began "the process of learning how to run [the] company, in hopes of owning it someday." (Ptf s Compl at 4.) Although Plaintiff never received full ownership, Sorum stated in a letter dated December 22, 2005, that Plaintiff owned ten percent of High Desert. (Ptfs Ex 4.)
Sorum organized High Desert in 1998. (Ptf s Ex 1.) The articles of organization state that it is a manager-managed limited liability company. (Id.) High Desert's 2005 "Combined Employer's Registration," designates Sorum as being "responsible for filing tax returns, paying taxes, [and] determining which creditors to pay first." (Def s Ex B.) The form also designates Plaintiff as being "responsible for hiring/firing." (Id.) Both Plaintiff and Sorum signed the form as "owners, partners, corporate officers, etc." on April 12, 2005. (Id.)
Both Plaintiff and Linschied testified that Sorum routinely transferred money between the accounts of his three businesses. When High Desert's bills were due, Sorum often transferred money from either DLS or the mini-storage into High Desert's account. Plaintiff, Linschied, and Gage all testified that Sorum, at least occasionally, satisfied debts to contractors hired by DLS with inventory (e.g., wheels and tires) from High Desert.
Plaintiff and Linschied testified that Plaintiff never signed payroll reports. Plaintiff also testified that he occasionally signed checks for High Desert, but was limited to those situations where Sorum gave Plaintiff any number of checks and instructed him to sign them. Plaintiff testified that he had no authority to prefer one creditor over another. *Page 3 
By 2008, Plaintiff no longer worked full-time at High Desert, although he remained employed by Sorum at DLS. Gage assumed Plaintiff's duties of hiring and firing. Gage testified that when ordering inventory, a transaction in the ordinary course of the business, he would consult with Plaintiff. When authorizing certain purchases, he would call Plaintiff and Plaintiff would, in turn, seek authorization from Sorum. When the company began having troubles paying bills in mid-2008, Sorum required Gage to contact Sorum directly.
 II. ANALYSIS
The issue before the court is whether Plaintiff is personally liable for High Desert's withholding taxes. ORS 316.167[1] imposes an obligation on every employer to withhold income taxes from wages paid to employees. The legislature has also imposed personal liability on "employers," those who have the duty to perform the obligation to withhold and pay such taxes. ORS 316.162(3) and ORS 316.207(3). Thus, the determination of whether Plaintiff is liable for the unpaid withholding taxes of High Desert Tire Factory, LLC hinges on whether Plaintiff was an "employer" during the time in question. ORS 316.162(3) defines employer as:
 "(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or
 "(b) An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207." *Page 4 
Further, Defendant promulgated an administrative rule that sets forth a list of factors for determining whether a person should be considered an "employer." OAR 150-316.162(3) states:
 "(1) To be held personally liable for unpaid withholdings under ORS 316.162, a person must have been considered to have been an "employer.' In addition, the person must have been in a position to pay the withholdings or direct the payment of the withholdings at the time the duty arose to withhold or pay over the taxes. Additionally, the person must have been aware, or have been in a position that should have been aware, that the withholdings were not paid to the department. An employer cannot avoid personal liability by delegating their responsibilities to another.
 "(2) "Employer' includes, but is not limited to an officer, member or employee of a corporation, partnership or other business entity, if, among other duties, that individual has:
 "(a) The power or authority to see that the withholding taxes are paid when due;
 "(b) Authority to prefer one creditor over another;
 "(c) Authority to hire and dismiss employees;
 "(d) Authority to set employees' working conditions and schedules;
 "(e) Authority to sign or co sign checks;
 "(f) Authority to compute and sign payroll tax reports;
 "(g) Authority to make fiscal decisions for the business;
 "(h) Authority to incur debt on behalf of the business
 "(i) Performed duties other than those outlined by the corporate bylaws or partnership agreement."
Under ORS 316.162(3), both officers of corporations and members of partnerships share the same duty to pay withholding taxes under ORS 316.167. Accordingly, both officers and members are subject to the specifications in OAR 150-316.162(3). Because of the congruence of duties and the lack of settled case law discussing liability of members of LLCs, the court finds it *Page 5 
appropriate to analogize Plaintiff's status as a member of a LLC to that of a corporate officer for the purpose of determining liability.
Defendant's assertion that Plaintiff is an "employer" is based upon two undisputed facts: Plaintiff was part-owner of High Desert and signed checks for the business. In regards to Plaintiff being an owner, when interpreting revenue statutes, "substance and not form control and [] the mere title of a corporate officer does not, standing alone, establish liability." Frutiger v. Department ofRevenue, 270 Or 821, 823, 529 P2d 910, (1974). In order to be classified as an employer, "the individual must have the requisite authority and control in form and substance within the corporate structure to order the payment of or pay the corporate tax." McCormick v. Dept. of Rev., 10 OTR 380, 385 (1987). InMcCormick, the Tax Court found that the plaintiff, who was a chairman of the board and had a two percent proxy vote as a stockholder, did not possess the requisite power or authority to pay or order paid the withholding tax. Similarly, in this case, Plaintiff's status as a member and ten percent owner of High Desert does not alone establish liability.
Plaintiff would only be liable if he possessed actual authority and control to pay or direct payment of the withholding taxes. InOlson v. Department of Revenue, 304 Or 241, 744 P2d 240 (1987), the Supreme Court evaluated the relationship between that authority and the power to sign checks. The Court stated that the plaintiff, who was half owner and secretary of a closely held corporation, was liable because "[a]pparently [the] plaintiff's authority to sign checks for withholding tax payments when due would not have been questioned, at least not by anyone other than [the co-owner], and not by [the co-owner] if the payments came due in his absence."Id. at 247. *Page 6 
This court, in Escobar v. Department of Revenue, recently distinguished Olson and found that such "unfettered authority [was] clearly absent." TC-MD No 090835C, WL 809005 at *3 (Mar 8, 2011). The Court reasoned:
 "[h]ad Plaintiff unilaterally chosen to sign checks for withholding tax payments when due, not only would Plaintiff's actions have been questioned by [the company's president], Plaintiff testified that he would have been fired immediately. * * * Although Plaintiff was occasionally given authority to sign checks, such authority only existed after Plaintiff had obtained specific consent from [the company's president] to sign each check. Thus, when there was insufficient cash to pay bills, including withholding taxes as they became due, Plaintiff did not have the authority to make or otherwise prioritize such payment."
Id.
That "unfettered authority" is also absent in this case. High Desert was designated as a manager-managed LLC in its articles of organization. A "manager" is a person "designated by the members of a manager-managed limited liability company to manage the limited liability company's business and affairs." ORS 63.001(19). ORS 63.130 states, in part:
 "(2) In a manager-managed limited liability company, unless otherwise provided in the articles of organization or any operating agreement:
 "(a) Each manager has equal rights in the management and conduct of the limited liability company's business;
 "(b) Except as otherwise provided in subsections (3) and (4) of this section, any matter relating to the business of the limited liability company may be exclusively decided by the manager or, if there is more than one manager, by a majority of the managers[.]"[2]
In this case, Sorum was 90 percent owner and manager of High Desert. By statute, all matters related to the business of High Desert may be exclusively decided by him. The facts indicate that he exercised that right. Sorum unilaterally transferred funds among his three businesses to pay bills and used the goods of High Desert to satisfy debts to independent contractors hired by DLS. *Page 7 
Plaintiff testified that, when he did sign checks, it was under the direction of Sorum. Both the bookkeeper and the store manager testified that, when making financial decisions or purchases, they would either contact Sorum directly or consult Plaintiff, who would then contact Sorum for guidance and the authorization to act.
Plaintiff did not have the authority to unilaterally sign checks or make important financial decisions. Like Escobar, Plaintiffs authority to sign checks only existed after Plaintiff had obtained specific consent from Sorum to sign each check. UnlikeEscobar, Plaintiff did not testify that he would fired if he acted in the absence of Sorum. Rather, at trial, he rightfully addressed the technicalities of a manager-managed LLC to prove his lack of authority. Further, Plaintiff was not an owner of Sorum's two other businesses, and, therefore, not in a position to carry on the normal, albeit questionable, business practice of transferring funds from one business to another in order to pay bills. Plaintiff was merely an instrument to carry out the will of Sorum, lacking authority to make financial decisions in Sorum's absence. In both substance and form, Plaintiff was not in a position, nor had the authority, to pay or direct the payment of the withholdings.
 III. CONCLUSION
After a careful review of the testimony and evidence, the court concludes that Plaintiff is not personally liability for the state income tax withholding of High Desert Tire Factory, LLC, for the third quarter of 2008 through second quarter of 2009. Plaintiffs ten percent ownership in the LLC alone does not establish liability. Although Plaintiff possessed authority to sign checks, that authority was limited, and only acquired after obtaining specific consent from the company's manager and majority owner. Plaintiff also lacked the legal authority to make decisions on behalf of the company because it was a manager-managed LLC. Accordingly, the court finds Plaintiff, in both substance and form, was not in a position to pay the withholdings or direct the payment of the *Page 8 
withholdings at the time the duty arose to withhold or pay over the taxes, and thus is not an employer under ORS 316.162. Now, therefore,
IT IS THE DECISION OF THIS COURT that that Plaintiffs appeal challenging Defendant's imposition of liability for unpaid employer withholding taxes for High Desert Tire Factory, LLC, for the third quarter of 2008 through second quarter of 2009 is granted and Defendant's Notice of Liability against Plaintiff is canceled.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon April 26, 2011. The Court filed and entered this documenton April 26, 2011.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2007.
[2] Subsection (3) lists matters that require the consent of all the members: amendment of the operating agreement or the articles of organization, the compromise to make a contribution or return money or other property wrongly paid or distributed, and dissolution. Subsection (4) lists matters that require the consent of the majority of members. *Page 1