Fred GAGON, Jr.

*v.*

DEPARTMENT OF REVENUE

(TC 3433)

Fred Gagon, Jr., appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 8, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals from an assessment for unpaid withholding taxes for the fourth quarter of 1987 and the first and second quarters of 1988. Plaintiff claims that, although he was an officer and employee of the corporation, he did not have the duty to pay the withholding taxes that would make him personally liable for them.

Plaintiff's friend, Gordon Storrs, operated a day-care business in Idaho. He moved his business headquarters to Portland with the intent of expanding the business and selling franchises. He invited plaintiff to join him as a consultant. Plaintiff had experience in real estate and the securities market. Plaintiff viewed his role as attracting capital and assisting in necessary real estate acquisitions.

At or near that time, Paul Dean Nichols, who owned a variety of properties and businesses, became involved in the enterprise. Eventually, Development Systems, Inc. (DSI) was organized. Plaintiff, Storrs and Nichols were the three principals and the executive committee of the corporation. Other subsidiary or related corporations were involved, but they are not important to this appeal.

The picture of the operations presented by the evidence is not clear. Apparently Nichols and Storrs believed the combination of their interests would produce some synergy benefiting both of them. Nevertheless, Nichols continued his interest in his varied kinds of businesses while Storrs remained primarily interested in expanding the day-care centers. Plaintiff worked with Nichols and Storrs in the area of real property acquisitions and financing, including attracting investors and new capital. A private offering was used to attract additional shareholdings. The offering memorandum, dated December 1, 1987, shows plaintiff as an executive vice president and secretary and one of three members of the executive committee.

Within a short period of time, Nichols and Storrs had a falling out. Nichols took some money and went to Nevada. Storrs and plaintiff viewed Nichols' action as illegally removing corporate assets. Plaintiff also blamed Nichols for causing DSI to be placed in involuntary bankruptcy. Plaintiff and Storrs acted to protect the company. They continued to operate for a period of time until losing control in bankruptcy.

ORS 316.162(3)(b) (1987 Replacement Part) defines "employer" as:

> "An officer or employe of a corporation, or a member or employe of a partnership, who as such officer, employe or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."

Plaintiff saw himself as "paid to take orders," not to give them. Since Storrs and Nichols put up the properties and were the major shareholders, plaintiff does not believe he had the control or authority necessary to carry out the

duties contemplated by the statute. However, despite plaintiff's views, he was the executive vice president and secretary of the corporation. As a member of the management committee he had the power and the responsibility to act. In his testimony he admitted he could have refused to sign the checks to pay other bills. Further, he could have told Storrs to pay the withholding taxes. Plaintiff testified he was not aware the withholding taxes were unpaid until May 9, 1988. When he did learn of this fact he left it up to Storrs to see that they were paid. Plaintiff believed there were sufficient corporate assets to cover the withholding liabilities.

■　　The objective facts indicate that plaintiff comes within the statute. Plaintiff was a shareholder and an officer of the corporation. Officers of corporations may not abdicate their responsibility to others. If they have a duty to see that withholding taxes are paid, they are obligated to carry out that duty. In this case, plaintiff testified that he signed some checks in blank, relying upon Storrs to make appropriate decisions for the corporation. He assumed Storrs took care of such matters as the withholding taxes. Plaintiff's behavior was understandable. Due to internecine quarreling and the company's financial problems it was not able to pay all of its obligations. By the time plaintiff became aware of the unpaid withholding taxes, and was in a position to do something about them, he was personally desperate for funds. As a result, he and Storrs drew their salaries but they did not pay the withholding taxes.

■　　Plaintiff views himself as outvoted and, therefore, not in control. He believes this absolves him from responsibility. However, the statute does not require the officer or employee to be in control. The law contemplates that more than one person may have the duty to see that withholding taxes are paid. Generally, officers with that duty will be personally liable unless relieved of it by higher authority. *Bellotti v. Dept. of Rev.*, 12 OTR 543 (1993).

The court finds that plaintiff is an employer within the meaning of ORS 316.162(3). Accordingly, department's Opinion and Order No. 91-0859 must be sustained. Costs to neither party.