IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

INFINITY FINANCIAL, MARK J. PERRY,    )
and MARSHA REEDER,                    )
                                      )
              Plaintiffs,             )    TC-MD 170231N
                                      )
       v.                             )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
              Defendant.              )    **FINAL DECISION**[1]

Plaintiffs appeal Defendant's Notice of Liability, dated March 31, 2017, finding Plaintiff

Marsha Reeder (Reeder) liable for the "tax debt" of Plaintiff Infinity Financial Corp. (Infinity

Financial). (Compl at 2-3.) The tax debt at issue in this matter is unpaid withholding tax from

all quarters of 2014 and the first quarter of 2015. (Def's Ltr, March 12, 2018.) A telephone trial

was held December 18, 2017. Mark Perry (Perry), President of Infinity Financial, appeared and

testified on behalf of Plaintiffs. Reeder also testified on behalf of Plaintiffs. Joil Southwell

(Southwell), Operations and Policy Analyst, appeared and testified on behalf of Defendant.

Plaintiffs offered no exhibits. Defendant's Exhibits A to G were received without objection.

I.  STATEMENT OF FACTS

Perry testified that Infinity Financial was a family business and he was the president. He

testified that the business never operated as it appeared on paper; "the business moved faster than

the paperwork." Reeder testified that the only activity she performed on behalf of Infinity

Financial was telemarketing. Perry testified that Infinity Financial was a failed business that

---

[1] This Final Decision incorporates without change the court's Decision, entered March 15, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

lacked planning and he should be 100 percent responsible for its tax debts. Reeder testified that she should not have to pay Perry's tax bill, noting she is "older" and on a "fixed income."

Perry testified that he wanted Reeder to serve as treasurer of Infinity Financial because she had some administrative experience and he wanted her to handle banking matters. However, in practice, Reeder was not the treasurer, president, or secretary of Infinity Financial. Perry testified that he made all the decisions. Reeder testified that she did not remember conversations about becoming treasurer, nor did she remember taking that office. She testified that she did not operate as treasurer, president, or secretary in her "day-to-day duties" for Infinity Financial, nor did she handle tax matters. Reeder testified "I don't remember doing anything. I did nothing that related to money or finances at that time." Perry concurred that Reeder was not responsible for paying taxes on behalf of Infinity Financial.

Southwell testified that Defendant is charged with reviewing documents to determine who is a responsible officer or owner of a company and who is, therefore, responsible for paying taxes. He testified that Infinity Financial registered as an employer in 2014, reporting two employees starting in February 2014, resulting in accrued unpaid payroll. Infinity Financial's Combined Employer's Registration, signed July 29, 2014, listed Reeder as an "owner, partner, corporate officer, etc." who was responsible for "filing tax returns, paying taxes, and hiring/firing." (Def's Ex E.) The form indicated that employees were performing work as of February 1, 2014. (*See id.*) Infinity Financial's corporate information change form, filed with the Secretary of State on September 19, 2014, listed Reeder as both President and Secretary. (Def's Ex F.) Infinity Financial's board resolution, dated December 15, 2014, identified Reeder as Treasurer in 2014, with Perry assuming that role in 2015. (Def's Ex B.) The corporate information change filed on March 17, 2015, listed Reeder as President. (Def's G.)

Southwell testified that, on November 18, 2015, Defendant sent an "investigation of authority" letter to Reeder to find out who was responsible for the unpaid payroll debts of Infinity Financial. (*See* Def's Ex D.) He explained that the codes on the record referenced the first quarter of 2015 and all four quarters of 2014.[2] (*See id.*) Defendant received no response.

Reeder testified that she had no recollection of signing the Combined Employer's Registration. (Def's Ex E.) She testified that she did not look at that form; Perry filled it out. Reeder testified that she had no recollection of signing the corporation information change form filed in 2014, but she recognized her signature on that form. (Def's Ex F.) She testified that she was aware of the board resolution dated in December 2014, but reiterated that she only worked as a telemarketer for Infinity Financial. Reeder testified that she had no recollection of signing the corporation information change form filed in 2015. (Def's Ex G.) She testified that she purposely "kept her nose out of all this." Southwell testified that Reeder had those duties whether she exercised them or not.

## II. ANALYSIS

The issue in this case is whether Reeder is personally liable for the unpaid withholding taxes of Infinity Financial from 2014 and the first quarter of 2015. Perry had conceded that he is personally liable for the taxes. As the party seeking affirmative relief, Reeder bears the burden of proof by a preponderance of the evidence. ORS 305.427.[3] "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

/ / /

---

[2] Those codes are "250 15 3" and "250 14 3/6/9/12." (Def's Ex D.)

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

A.      *Overview of Employer Liability for Unpaid Withholding Tax*

ORS 316.167 generally imposes an obligation on employers to withhold a specified amount of tax from wages paid to employees.  Additionally, employers are subject to reporting requirements described in ORS 316.168 to 316.202.  If an employer fails to file reports or fails to remit withheld amounts to the Department of Revenue, the department may determine and assess the amount of the tax due and may enforce collection against the employer.  ORS 316.207.  In this context, "employer" is defined as including "[a]n officer or employee of a corporation, * * * who as such officer [or] employee * * * is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."  ORS 316.162(3)(b).  Plaintiffs have not challenged the underlying assessments in this case, only the determination that Reeder was an officer of Infinity Financial who is personally liable for the assessments.

Defendant has promulgated an administrative rule that states, in part,

> "To be held personally liable for unpaid income tax withholding or statewide transit tax under ORS 316.162, a person * * * must have been in a position to pay the income tax withholding or statewide transit tax or direct the payment of the income tax withholding or statewide transit tax at the time the duty arose to withhold or pay over the taxes.  Additionally, the person must have been aware, or have been in a position that should have been aware, that the income tax withholding or statewide transit tax was not paid to the department."

Oregon Administrative Rule (OAR) 150-316-0243(1).  The rule also sets forth a non-exhaustive list of "duties" that tend to show an individual was an "employer" under ORS 316.162(3):

> "(a) The power or authority to see that the income tax withholding or statewide transit taxes are paid when due;
>
> "(b) Authority to prefer one creditor over another;
>
> "(c) Authority to hire and dismiss employees;
>
> "(d) Authority to set employees' working conditions and schedules;
>
> "(e) Authority to sign or co-sign checks;

"(f) Authority to compute and sign payroll tax or statewide transit tax reports;

"(g) Authority to make fiscal decisions for the business;

"(h) Authority to incur debt on behalf of the business; or

"(i) Performed duties other than those outlined by the corporate bylaws or partnership agreement."

OAR 150-316-0243(2). The rule further identifies "factors [that] do not preclude a finding that the individual is liable for the payment of taxes which were required to be withheld:"

"(a) Whether the failure to pay over the required income tax withholding or statewide transit tax was willful;

"(b) Whether the individual received remuneration;

"(c) Maintenance of full-time employment elsewhere;

"(d) The department considers another individual liable for the same income tax withholding or statewide transit tax;

"(e) A corporate bylaw or partnership agreement position description to the contrary;

"(f) Absence of signatory authority on a business bank account;

"(g) Absence of bookkeeping or recordkeeping duties;

"(h) Absence of authority to hire, fire, and to set working conditions and schedules; or

"(i) Whether any functions indicating liability have been delegated to another."

OAR 150-316-0243(3).

In evaluating whether an individual should be held liable for the tax, "substance and not form controls" the outcome. *Frutiger v. Dept. of Rev.*, 270 Or 821, 826, 529 P2d 910 (1974); *see also Bellotti v. Dept. of Rev.*, 12 OTR 543 (1993) (stating that "the formalities of a person's position do not control"). In *Frutiger*, the court considered the potential liability of a husband and a wife, where the wife "held the offices of secretary and treasurer and was a member of the board of directors" of the corporation and the husband "owned all the shares of stock and was the

managing officer of" the corporation. 270 Or at 826. The court examined their respective duties and determined that, although the wife was a corporate officer,

> "she owned no stock, her corporate capacity was a nominal one, she was, in fact, a corporate officer in name only, she received no compensation for her services and she, in fact, exercised no day to day supervision or control over the corporate affairs * * * [so], she is not an 'employer' within the meaning of the statute."

*Id.* In *Bellotti*, this court held that the corporate secretary of an S-corporation with a single shareholder was *not* liable for unpaid withholding — notwithstanding his check-signing authority and past practice of signing the withholding returns —because the sole shareholder (who was also the sole director and president of the corporation) instructed the secretary not to pay the tax and would have fired the secretary if he had. 12 OTR at 543. The court concluded that the secretary did not have "the requisite authority and control in form and substance within the corporate structure to order the payment of or pay the corporate tax.' " *Id.* at 546 (citation omitted).

An individual with actual authority to pay the taxes may not escape personal liability by delegating that authority or merely claiming a perceived lack of control or knowledge. *See Robblee v. Dept. of Rev.*, 325 Or 515, 528-529, 942 P2d 765 (1997) (president of the corporation was liable for the tax even though he withdrew his check-signing authority when he became aware that the corporation might become delinquent in paying its state withholding tax); *see also Gagon v. Dept. of Rev.,* 13 OTR 41 (1993) (individual who was executive vice president, secretary, and management team member was liable for the tax even though he was unaware the withholding taxes were unpaid and he "saw himself as 'paid to take orders,' not to give them").

B.      *Analysis of Whether Reeder was an "Employer" under ORS 316.162(3)*

Perry urges the court to decide this case on the facts of the corporate arrangement, not based upon the documents filed with Defendant and the Secretary of State. In essence, he urges

the court to consider the substance over the form: notwithstanding the various officer positions that Reeder held on paper, she exercised no actual authority over Infinity Financial. Rather, Perry was solely in control of and responsible for the corporation.

It is difficult to evaluate Reeder's role in the operation of Infinity Financial because the court received scant evidence of either the corporation's activities or of Reeder's duties. For instance, the court is unaware of what goods or services Infinity Financial provided. The only hint is Reeder's testimony that she engaged in telemarketing on behalf of the corporation. The court received no evidence concerning the corporation's employees, such as their identities, their duties, their working conditions and schedules, or who, in fact, hired them.[4] The court did not receive a copy of the corporate bylaws identifying officers' duties. Although Perry had hoped Reeder would handle banking maters, the court received no evidence concerning checks issued by the corporation or signatories on the corporate bank account. The court received no evidence that any payroll reports were filed and, if so, who completed and signed the reports. The court received no evidence of any loans made to the corporation. The court received no evidence of whether Reeder was compensated for her duties on behalf of corporation.

The court is left with testimony by Perry and Reeder that Perry made all of the decisions on behalf of Infinity Financial, which is contradicted by corporate filings identifying Reeder variously as president, secretary, and treasurer of the corporation. Perry's only explanation for those filings was that "the business moved faster than the paperwork." The corporate filings lead to an initial conclusion that Reeder had authority to pay withholding tax on behalf of Infinity Financial. However, Reeder's testimony revealed that she did not recall signing the filings and did appear to understand their significance; her only duty was telemarketing. The court found

---

[4] The Combined Employer's Registration includes several check-boxes that indicate Reeder was responsible for "Hiring/firing." (Def's Ex E.)

Reeder to be credible. Perry testified that he, and not Reeder, exercised control over Infinity Financial. On the evidence presented, the court concludes that Reeder was an officer in name only and exercised no actual authority over Infinity Financial.

III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff Marsha Reeder was not an "employer" within the meaning of ORS 316.162(3) and is not, therefore, personally liable for the unpaid withholding taxes of Infinity Financial for the periods including all quarters of 2014 and the first quarter of 2015. The court further concludes that, by his own admission, Plaintiff Mark J. Perry had authority to pay Infinity Financial's withholding tax for those periods and is, therefore, personally liable for the unpaid tax. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff Marsha Reeder was not an "employer" within the meaning of ORS 316.162(3) and is not, therefore, personally liable for the unpaid withholding taxes of Infinity Financial for the periods including all quarters of 2014 and the first quarter of 2015.

IT IS FURTHER DECIDED that, by his own admission, Plaintiff Mark J. Perry had authority to pay Infinity Financial's withholding tax for the periods including all quarters of 2014 and the first quarter of 2015 and is, therefore, personally liable for the unpaid tax.

Dated this ____ day of April 2018.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on April 3, 2018.*